**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**BRANDI MICHELLE DEFORGE** **PLAINTIFF**

**V.** **No. 3:25-CV-00227-JM-ERE**

**SOCIAL SECURITY ADMINISTRATION, COMMISSIONER** **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections must be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I. Background

On September 28, 2022, Ms. Brandi Deforge filed an application for disability insurance benefits due to peripheral vision loss, fibromyalgia, auto-immune conditions, heart disease, stage two kidney failure, degenerative disc disease in the back and neck, transient ischemic attacks, osteoarthritis, and traumatic brain injury. *Tr. 14, 281*. Her claim was denied initially and upon reconsideration. At a September 9, 2024 hearing, an Administrative Law Judge ("ALJ") heard testimony from Ms. Deforge and a vocational expert ("VE"). *Tr. 33-64*. The ALJ issued a decision on October 16, 2024, finding that Ms. Deforge was not disabled. *Tr. 14–24*. The

Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. *Tr. 1-3*.

Ms. Deforge, who was thirty-eight years old at the time of the hearing, has a GED and no past relevant work experience. *Tr. 22, 38, 57.*

## II. The ALJ's Decision[1]

The ALJ found that Ms. Deforge had not engaged in substantial gainful activity since the application date of September 28, 2022, and had the following severe impairments: fibromyalgia, headache disorder, degenerative disc disease, heteronymous visual field defect, depressive disorder, anxiety disorder, and post-traumatic stress disorder. *Tr. 16.* The ALJ concluded that Ms. Deforge did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 17.*

According to the ALJ, Ms. Deforge had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional stooping, crouching, bending, kneeling, crawling, and balancing; (2) no tasks involving constant vibration; (3) no working from ropes, ladders, scaffolding, or

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4).

unprotected heights; (4) driving only during the daylight hours; (5) ambulation limited to level surfaces, precluding agricultural or construction terrains; (6) simple, routine, repetitive tasks; and (7) simple work-related decisions. *Tr. 19.*

Based on the VE's testimony, the ALJ found that a substantial number of potential jobs were available in the national economy that Ms. Deforge could perform, including housekeeper, price tag ticketer, and routing clerk. *Tr. 23, 58.* Accordingly, the ALJ found that Ms. Deforge was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Ms. Deforge's Arguments for Reversal**

Ms. Deforge argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to: (1) assess all the medical opinion evidence; (2) develop the record on her vision impairments; and (3) resolve inconsistencies in the medical records or explain findings. *Doc. 5.* After carefully reviewing the record as a whole, I recommend affirming the Commissioner's decision.

**C. Analysis**

**1. Assessment of the Medical Opinion Evidence**

Ms. Deforge argues that "multiple medical sources including registered nurses, reported in forms dated October 3, 2022 and December 15, 2022, that Ms. Deforge had 'Mobility/Ambulation' requirements including the need for a wheelchair and walking with a cane or walker." *Doc. 5.* The two forms were home "Aide/Client Service Plans," which Ms. Deforge asserts were medical opinion evidence that should have been considered by the ALJ. *Id.*

First, "notes of . . . home health care workers do not equate to the requisite medical documentation" when they are based on self-reports and mere observation. *Mya Y. v. Saul*, No. 20-CV-1296 (JRT/LIB), 2021 WL 3023691, at *6 (D. Minn.

June 28, 2021).[2] While the Eighth Circuit has not definitively "addressed what specific documentation a claimant must provide to establish the limitations of a medically required hand-held assistive device" other courts have "required an unambiguous opinion from a physician stating the circumstance in which the assistive device is medically necessary." *Id.* at *5 (citing cases). Ms. Deforge points to no such evidence in this case.

Even assuming it was error for the ALJ to not specifically address these two forms, the error was harmless. The ALJ acknowledged that Ms. Deforge "reports using a cane and walker" and "has been observed to use a cane and a wheelchair." *Tr. 20.* However, the ALJ discounted the necessity of the ambulation devices by noting that "despite reports of using a cane and walker[,] at least two clinical exams described [Ms. Deforge's] gait as normal. *Tr. 21.* Ms. Deforge points out that there are several references to abnormal gait (*Tr. 1174, 1286, 1499, 1506*) in the record, but there are just as many references to normal gait. *Tr. 1194, 1337, 1445, 1471, 1516, 1562.* And, again, there is no documentation that ambulatory devices were medically necessary.

Accordingly, the ALJ considered the relevant records and did not err when excluding the need for ambulatory devices in the RFC.

---

[2] *Report and recommendation adopted,* No. CV 20-1296 (JRT/LIB), 2021 WL 3022723 (D. Minn. July 16, 2021).

### 2. Develop the Record Regarding Vision Impairments

Ms. Deforge asserts that the that the ALJ erred by not getting a medical opinion regarding her vision impairments. *Doc. 5*.

An ALJ has a basic duty to develop a reasonably complete record. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). Ms. Deforge "has the burden to offer the evidence necessary to make a valid decision about [his] claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). She "bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure." *Combs v. Astrue*, 243 F. App'x 200, 204 (8th Cir. 2007). Although "an ALJ does have a duty to develop the record, this duty is not never-ending . . . ." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

Although Ms. Deforge's "heteronymous bilateral visual field defect was not accounted for" by the medical consultants, the ALJ considered this impairment in the opinion. *Tr. 22.* The ALJ specifically cited the results of a June 17, 2022 eye exam, which noted a "visual field defect, heteronymous OU" which "distributed on the right retina at 3 and left retina at 9." *Tr. 1117-1119.* Notably, the findings were

"not indicative of a true field defect" and the treatment provider also suspected "possible malingering." *Tr. 1118*.

Despite the treatment provider's doubts, the ALJ included restrictions in the RFC that accounted for Ms. Deforge's potential vision impairments. On this record, nothing more was required.

### 3. Resolve Inconsistencies and Explain Findings

Ms. Deforge argues that the ALJ's "decision is strikingly short and contains little in the way of any explanations," noting that "the medical record exceeds 1200 pages, the total decision is only about 10 pages, about half of this is procedural/legal or vocational rather than medical, and most of this consists of conclusory statements and boilerplate language." *Doc. 5.*

Ms. Deforge bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of her limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a).

Normally, the Court should defer to an ALJ's assessment of the claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Ms. Deforge's complaints and the record. The ALJ properly listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Ms. Deforge was not disabled. *Martise v. Astrue*, 641

F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records). Ms. Deforge's arguments on this issue boil down to a critique on brief writing and a request that the Court reweigh the evidence; neither has merit. *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011) ("[T]he ALJ's arguable deficiency in opinion-writing technique had no bearing on the outcome of [the] case and does not require remand.") (internal quotation omitted); *Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) ("We do not reweight the evidence."); *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016) ("It is not the role of this court to reweigh the evidence presented to the ALJ.").

"So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

The record contains substantial evidence to support the ALJ's finding that Ms. Deforge could perform a reduced range of light work.

**IV. Conclusion**

As set out above, the ALJ applied proper legal standards in evaluating Ms. Deforge's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 21 September 2026.

UNITED STATES MAGISTRATE JUDGE